# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23CR382 RWS/NCC |
| STEPHON VERGES, | ) |
| Defendant. | ) |

## MEMORANDUM, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

Count One of the indictment alleges that Defendant was a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on or about March 16, 2023.

On March 25, 2024, Defendant filed a motion to dismiss and a motion to compel [ECF Nos. 38 & 39]. On April 3, 2024, the Government filed its responses [ECF Nos. 40 & 41]. On May 8, 2024, the undersigned held a hearing on the motions, and the transcript of that hearing was filed on June 17, 2024. [ECF No. 44].

Based on the arguments of counsel, the undersigned makes the following findings of fact and conclusions of law.

## DISCUSSION

Defendant has an alleged felony criminal history. [ECF No. 19]. He claims that the Supreme Court's recent jurisprudence construing the Second Amendment requires this Court to dismiss Count One because § 922(g)(1) is unconstitutional as applied to him, and he should not

be banned for life from possessing firearms. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, —— U.S. ——, 142 S. Ct. 2111, 2156, 213 L.Ed.2d 387 (2022). The Eighth Circuit has held "[t]he longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (rejecting facial challenge). Defendant acknowledges that the Eighth Circuit Court of Appeals has likewise ruled that 18 U.S.C. § 922(g)(1) is not unconstitutional as applied to a defendant with nonviolent felony convictions. *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *reh'g denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023) (deciding that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). Defendant argues that *Jackson* is incorrect and is contrary to other recent Circuit Court decisions. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 101 (3d Cir. 2023), *cert. pet. docketed*, No. 23-374 (U.S. Oct. 10, 2023).[1] He raises this argument to preserve any appeal.

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Bruen*, the Supreme Court decided that a firearm licensing provision under New York law violated the Second Amendment. The state law gave discretion to local authorities to decide who could obtain a license and require that law abiding citizens satisfy a "proper cause" standard before being licensed to carry a handgun in public. The proper cause standard required applicants to show a special need beyond

---

[1] The Third Circuit in *Range* noted that the criminal histories of the plaintiffs in *Heller, McDonald*, and *Bruen* were not at issue in those cases. "So their references to 'law-abiding, responsible citizens' were dicta." *Id*. at 101.

2

that of the general community.  As a result, the Court struck down the two-step, means-ends analytical framework that was popular in several circuits after *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010).  *See Bruen*, 142 S. Ct. at 2125-26.  By contrast, the new framework adopted by the Court requires that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outerbounds of the right to keep and bear arms." *Id.* at 2127.

> The *Bruen* majority reasoned:
>
> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 2129-30 (citation omitted).  The Court identified two methods for the assessment of historical tradition that courts should apply going forward.  The "straightforward" approach should be applied to regulations meant to address persistent societal problems that are ongoing since the 18th century.  *Id.* at 2131.  The Court explained that the other method is a "nuanced" approach that may require "reasoning by analogy," in circumstances involving such matters as "unprecedented societal concerns or dramatic technological changes." *Id.* at 2132.  And after considering potentially relevant historical practices, the Court in *Bruen* further explained that "[t]he constitutional right to bear arms in public for self-defense is not a 'second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Id.* at 2156 (quoting *McDonald*, 561 U.S. at 780).  In other words, there is no requirement that law abiding citizens need articulate specific reasons that suggest that they are subject to harm of the sort that would require protection.  New York's proper cause requirement was deemed unconstitutional because it prevented "law-abiding citizens with ordinary self-defense needs

from exercising their right to keep and bear arms." *Id.*

To the extent that defendant Verges argues that § 922(g)(1) is presumptively unconstitutional, and thus not consistent with any historical tradition of firearm regulation for people convicted of felony offenses, and there is no "historical analogue," to the modern prohibition, the Supreme Court does not favor his position, *see Heller*, and the Eighth Circuit is not persuaded. *Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (citing *Bruen*, ⸺ U.S. ⸺, 142 S. Ct. 2111, 2156; *id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.).

"A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications." *Bucklew v. Precythe*, ⸺ U.S. ⸺, 139 S. Ct. 1112, 1127, 203 L.Ed.2d 521 (2019). A [challenger] has a high bar to succeed in showing "no set of circumstances" under which a law is valid. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). Both *Heller* and *McDonald* recognize "the presumptive constitutionality" of certain regulatory measures such as "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions on the commercial sale of arms." *See also United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011) (examining the constitutionality of § 922(g)(8) after a facial challenge and upholding the law) (quoting *Heller*, 554 U.S. at 626-27). The Court specifically concluded that "[i]t seems most likely that the Supreme Court viewed the regulatory measures listed in *Heller* as presumptively lawful because they do not infringe on the Second Amendment right." *Id.* at 1183 (citation omitted).

4

"*Heller* characterized the Second Amendment as guaranteeing 'the right of <u>law abiding, responsible</u> citizens to use arms in defense of hearth and home.'" *Bena*, 664 F.3d 1180 at 1183 (quoting *Heller*, 554 U.S. at 635) (emphasis in *Bena*). *Bena* is helpful here inasmuch as the Eighth Circuit explained that there continues to be "historical support for a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Id.* Thus, the Court recognized that "the concept of a right to arms was inextricably and multifariously tied to that of the virtuous citizen, such that the right to arms does not preclude laws disarming unvirtuous (i.e., criminals) or those who, like children and the mentally unbalanced, are deemed incapable of virtue." *Id*. *See also United States v. Sitladeen*, 64 F.4th 978, 985 (8th Cir. 2023) (deciding that individuals who are unlawfully present are not within the definition of people for the purposes of the Second Amendment).

Defendant argues that his American citizenship is not at question, and he is a part of his community and should be considered one of the people within the meaning of the Second Amendment, regardless of his criminal history. *See, e.g., United States v. Duarte*, No. 22-50048, 2024 WL 2068016, at *1, 9-24 (9th Cir. May 9, 2024) (ruling that § 922(g)(1) was unconstitutional as applied to a defendant with multiple prior convictions including drug possession). Defendant characterizes his circumstances as geographical bad luck, given the pace of more favorable rulings in other federal courts across the country. multiple justices of the Supreme Court clarified that the *Bruen* decision should not be read to touch *Heller's* restrictions on certain groups. The Eighth Circuit has followed this view. *See United States v. Lindsey*, 2024 WL 2207445 (8th Cir. May 16, 2024) (per curiam) (upholding the denial of facial and as-applied constitutional challenges to § 922(g)(1) (noting the difference between facial and as-applied challenges and nevertheless affirming the denial of facial challenge to 18 U.S.C. §

5

922(g)(3)).  "Although other Circuit and district courts have ruled that provisions of § 922(g)(1) to be unconstitutional, at least as applied, this Court has agreed with and is bound to follow Eighth Circuit precedent."  *United States v. McKinnies*, No. 4:20CR00594 AGF (NCC), 2024 WL 2717704, at *3 (E.D. Mo. May 28, 2024), *report and recommendation adopted*, No. 4:20CR00594 AGF (NCC), 2024 WL 2717704 (E.D. Mo. May 28, 2024).  *See also United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (unpublished) (characterizing as-applied challenge § 922(g)(1) as "frivolous").  As such, the Court should deny defendant Verges motion to dismiss.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion To Dismiss [ECF No. 38] be **DENIED**.

**IT IS HEREBY ORDERED** that at the direction of U.S. District Judge Rodney W. Sippel this matter is set for trial on **September 9, 2024** at 9:00am**.**

The parties are advised that they have fourteen (14) days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to timely file objections may result in the waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Noelle C. Collins
United States Magistrate Judge

Dated this 27th day of June, 2024.