UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   4:23 CR 382 RWS |
| ) | |
| STEPHON VERGES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On July 26, 2023, Defendant Stephon Verges was indicted for possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).  On March 25, 2024, Verges filed a motion to dismiss the indictment asserting that the prosecution of this offense violates his Second Amendment Rights.   On June 27, 2024, United States Magistrate Judge Noelle C. Collins issued a Report and Recommendation concluding that Verges' motion should be denied based on the United States Court of Appeals for the Eighth Circuit's decision in United States v. Jackson, 69 F.4th 495 (8th Cir. 2023) (Jackson I).   In Jackson I, the Court held that 18 U.S.C. § 922(g)(1) was not unconstitutional as applied to a defendant with nonviolent felony convictions.   Id. at 502.

Verges filed several motions for an extension of time to file his objections to

the Report and Recommendation.   In his motions Verges asserted that Judge Collins' reliance on Jackson I was no longer appropriate because the United States Supreme Court vacated and remanded that case to the Eighth Circuit for reconsideration in light the Supreme Court's decision in United States v. Rahimi, 144 S. Ct. 1889 (2024).   After the case was remanded, the Eighth Circuit reaffirmed its earlier decision in Jackson I finding that the decision in Rahimi did not change its previous conclusion.  United States v. Jackson, 110 F.4th 1120, 1121 (8th Cir. 2024) (Jackson II).

On August 22, 2024, Verges filed his objection to Judge Collins' Report and Recommendation.   Verges acknowledged that Judge Collins' reliance on Jackson I to deny his motion to dismiss was reaffirmed by the Eighth Circuit in Jackson II. Verges also acknowledged that the Eighth Circuit precedent in Jackson II "does not presently support his position that 18 U.S.C. § 922(g)(1) is unconstitutional and that this Court is under an obligation to follow precedent."   [ECF # 55 at 7] Verges argues that both Jackson opinions were incorrectly decided.   I appreciate Verges' difference of opinion with the Eighth Circuit's Jackson decisions but I am required to follow that precedent.   As a result, I will deny Verges' motion to dismiss the indictment.

Accordingly,

2

**IT IS HEREBY ORDERED that** Defendant Stephon Verges' motion to dismiss the indictment [38] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2024.